IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00344-BNB

EARL WITHERSPOON,

   Plaintiff,

v.

COLO. DEPT. OF CORRECTIONS, and
COLO. DEPT. OF CORRECTIONS MEDICAL CAMP GEORGE WEST,

   Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

   Plaintiff Earl Witherspoon is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) at Cañon City, Colorado.  Mr. Witherspoon has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983.  The court must construe the complaint liberally because Mr. Witherspoon is representing himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Witherspoon will be ordered to file an amended complaint.

   The court has reviewed the complaint filed in this action and finds that it is deficient.  First, it is not clear who Mr. Witherspoon intends to name as Defendants in this action.  The DOC clearly is listed as a Defendant both in the caption of the complaint and in the text of the complaint.  However, it is not clear who else Mr.

Witherspoon intends to sue. The second Defendant listed in the caption of the complaint appears to be the medical department at Camp George West, a DOC facility. The second Defendant listed as a party on page two of the complaint is the nursing staff at Camp George West. Based on the allegations in the text of the complaint, Mr. Witherspoon appears to be asserting claims against the DOC and one unnamed nurse at Camp George West. In order for the proper Defendants to be served in this action, Mr. Witherspoon must clarify who he is suing.

Mr. Witherspoon also fails to set forth clearly and concisely the specific claims for relief he is asserting in this action. Mr. Witherspoon alleges in the complaint that a nurse at Camp George West discriminated against him because he is HIV positive by transferring him back to CTCF and that the DOC allowed this to happen. He does not identify the specific claim or claims for relief he is asserting based on this allegation. Construing the complaint liberally, Mr. Witherspoon may be asserting a claim that he has been denied equal protection under the Fourteenth Amendment to the United States Constitution or he may be asserting a discrimination claim pursuant to the Americans with Disabilities Act (ADA). He may be asserting both claims. Mr. Witherspoon must identify the specific claim or claims he is asserting in order for the court to review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and to determine whether Mr. Witherspoon has exhausted administrative remedies.

Mr. Witherspoon is required to exhaust administrative remedies prior to bringing an action in federal court. See 42 U.S.C. § 1997e(a). Section 1997e(a) also "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of

administrative remedies, Mr. Witherspoon must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, if Mr. Witherspoon has not exhausted administrative remedies for every claim he asserts, the entire complaint must be dismissed. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004).

Mr. Witherspoon attaches to the complaint copies of the administrative grievances he alleges he filed after he was returned to CTCF. However, depending on what claims Mr. Witherspoon is asserting in this action, the attached grievances may or may not demonstrate exhaustion of administrative remedies. For example, it does not appear that Mr. Witherspoon has exhausted administrative remedies for an ADA claim because there is no indication that the attached grievances were filed as ADA grievances.

For the reasons stated in this order, Mr. Witherspoon will be directed to file an amended complaint that clarifies who he is suing, the specific claim or claims he is asserting, and how he has exhausted administrative remedies for each claim being asserted. Accordingly, it is

ORDERED that Mr. Witherspoon file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Witherspoon, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Witherspoon fails within the time allowed to file

3

an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 16, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00344-BNB

Earl Witherspoon
Prisoner No. 119775
CTCF
PO Box 1010
Canon City, CO 81215-1010

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  3-16-06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk